**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**RUSSELL STICH, on behalf of himself
and all similarly situated employees,**

      **Plaintiff**

**v.**                                  **Case No.: 4:12-cv-01304**

**JEFF MOORE d/b/a TOP GUN SECURITY
AND INVESTIGATIONS,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RUSSELL STICH, on behalf of himself and all similarly situated employees, by and through his undersigned attorneys, and sues the Defendant JEFF MOORE d/b/a TOP GUN SECURITY AND INVESTIGATIONS, and alleges as follows:

1.     This is an action by the Plaintiff on behalf of himself and all similarly situated employees against JEFF MOORE d/b/a TOP GUN SECURITY AND INVESTIGATIONS, for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff, on behalf of himself and all similarly situated employees, seeks damages and reasonable attorney's fees.

2.     Jurisdiction is invoked pursuant to 28 U.S.C. §1331. This Court has jurisdiction over this matter as it involves a federal question based upon the Fair Labor Standards Act.

3.     This action lies in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), as the acts and occurrences giving rise to this complaint transpired in Harris County, Texas.

4.      Plaintiff RUSSELL STICH was employed by Defendants as a security guard from November 2010 through February 2011 and from March 2011 through November 2011.

5.      Defendant is an individual who resides and operates a security and investigation business in Harris County, Texas and at all time during Plaintiff's employment and the employment of all similarly situated employees was an employer as defined by 29 U.S.C. §203(d).

6.      Plaintiff and all other similarly situated employees were employees of Defendant and at all times relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

7       Throughout Plaintiff's employment and the employment of all similarly situated employees, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1).

8       Plaintiff represents a class of similarly situated employees within the meaning of the FLSA consisting of security officers employed by Defendant who were not paid time and one-half their regular rate of pay for hours worked in excess of 40 in any workweek (hereinafter "class").

9.      During Plaintiff's employment, and the employment of all similarly situated employees, Defendant required, suffered or permitted Plaintiff and the class to work in excess of 40 hours in one or more workweeks (hereinafter "overtime hours").

10.     Defendant was aware that the FLSA required it to pay Plaintiff and each member of the class time and one-half of his or her regular rate of pay for each hour of overtime worked (hereinafter "overtime pay").

11.      Defendant was aware that Plaintiff and each member of the class had worked overtime hours during one or more workweeks; however, Defendant willfully failed and refused to pay overtime pay for overtime hours worked by Plaintiff and each member of the class.

12.      As a result of Defendant's willful violation of the FLSA, Plaintiff and each member of the class are entitled to recover damages in the amount of the unpaid overtime, an equal amount as liquidated damages for Defendant's willful violation of the FLSA, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, respectfully requests that this Court certify this claim as a collective action under the Fair Labor Standards Act and order court supervised notice to the class and further demands judgment against the Defendant for the following:

A. Actual damages provided by law;

B. Liquidated damages as allowed by law;

C.      Reasonable attorneys' fees and costs;

D.      For pre-judgment interest in the event liquidated damages are not awarded;

E.      For such other and further relief to which Plaintiff and members of the class                may be justly entitled, whether at law or in equity.

Respectfully submitted this 24th day of April, 2012.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

_____
Charles Scalise
Texas Bar No. 24064621
ATTORNEY FOR PLAINTIFFS